OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Betty Y. Wilder, filed March 14, 2005. During a controlled buy on April 26, 2004, Wilder, Katherine Smith, and Christopher Gibson, in a car driven by Raymond Hairston, met with undercover Dayton Police Officers in the parking lot of the Pinewood Shopping Center in Dayton, Ohio. Hairston had a large baggie of crack cocaine in his hand, and another baggie of crack cocaine lay in the console between the seats of the car. Officers also discovered crack cocaine in a container in Wilder's pocket.
 {¶ 2} Following an indictment, Wilder pled guilty, on August 24, 2004, to possession of crack cocaine in an amount less than one gram in violation of R.C. 2925.11(A). The trial court sentenced Wilder to five years of community control and suspended her driver's license for six months (case number 2004 CR 1534).
 {¶ 3} On September 24, 2004, Wilder was again arrested and indicted for possession of crack cocaine based on the events of April 26, 2004, this time in an amount equal to or in excess of 25 grams but less than one hundred grams. This subsequent arrest and indictment occurred after Wilder testified at Hairston's trial that the baggie of crack cocaine (27 grams) retrieved from the console of the car belonged exclusively to her. According to Wilder, she purchased it earlier in the day from a man on Third Street with the proceeds of her disability check. Following his trial, Hairston was convicted and sentenced to seven years at the Ohio Department of Rehabilitation and Corrections. Wilder was later tried on the additional possession charge (case number 2004 CR 3382). The State introduced the inculpatory statements that Wilder made at Hairston's trial, and the jury found Wilder guilty of possessing 27 grams of cocaine.
 {¶ 4} Before sentencing, Wilder moved the court for a "dismissal and/or acquittal of any and all charges" against her pursuant to Crim. R. 29, or, in the alternative, for a new trial, pursuant to Crim. R. 33, arguing that the second prosecution violated the Double Jeopardy Clause of the United States Constitution. The trial court held that Wilder's offense in case number 2004 CR 1534 was separate and distinct from her offense in case number 2004 CR 3382. The trial court sentenced Wilder to three years imprisonment, and it administratively terminated case number 2004 CR 1534.
 {¶ 5} Wilder's sole assignment of error is as follows:
 {¶ 6} "THE DEFENDANT-APPELLANT, BETTY Y. WILDER'S, CONSTITUTIONAL RIGHT TO AVOID DOUBLE JEOPARDY WAS VIOLATED BY THE STATE AS THE TWO (2) CHARGES FOR CRACK COCAINE POSSESSION WERE NOT SEPARATE AND DISTINCT OFFENSES."
 {¶ 7} On January 28, 2005, Wilder moved the trial court for a "dismissal and/or acquittal of any and all charges against" her pursuant to Crim.R. 29. Crim R. 29 provides that, "[i]f a jury returns a verdict of guilty * * * a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged." We note that the trial court discharged the jury on December 17, 2004; Wilder's motion for a judgment of acquittal was untimely, and the trial court correctly overruled it.
 {¶ 8} Alternatively, Wilder's motion seeks a new trial arguing a double jeopardy violation, under Crim.R. 33. Crim.R. 33 is the wrong rule to invoke in a double jeopardy situation. Someone placed in jeopardy twice obviously should not be placed in jeopardy a third time with a new trial! Double jeopardy does not constitute a basis for a new trial, but rather it bars subsequent prosecution.
 {¶ 9} We will, however, briefly address the merits of Wilder's double jeopardy argument, since her written motion seeks dismissal. The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." TheFourteenth Amendment makes the Double Jeopardy Clause applicable to the states. Section 10 of Article I of the Ohio Constitution provides that "no person shall be twice put in jeopardy for the same offense."
 {¶ 10} "To sustain a plea for former jeopardy it must appear: (1) That there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the two prosecutions; and (4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar." State v. Best, 42 Ohio St.2d 530, 533,330 N.E.2d 421.
 {¶ 11} We agree with the trial court that Wilder's possession of the 27 grams of cocaine was a separate and distinct offense from the possession of the one gram of cocaine retrieved from her pocket. Wilder had actual possession of the one gram of cocaine in her pocket. The State lacked evidence to establish Wilder's constructive possession of the distinct 27 grams of cocaine retrieved from the console until she admitted at Hairston's trial that she alone purchased the 27 grams of cocaine earlier that day. Wilder's subsequent indictment and trial was not for the same offense that gave rise to her guilty plea. Each possession charge stemmed instead from distinct acts on the part of Wilder, thus her actual physical possession of one gram of cocaine in her pocket did not bar her prosecution for constructive possession of the 27 grams in the console. Because Wilder's offenses in the two cases were separate and distinct, with separate animus as to each, the trial court did not violate her constitutional right to avoid double jeopardy in overruling her motion for a new trial/dismissal. Wilder's sole assignment of error is overruled. Judgment affirmed.
Grady, P.J. and Fain, J., concur.