The STATE of Ohio, Appellee,

v.

VITTERITTO, Appellant.

[Cite as *State v. Vitteritto*, 173 Ohio App.3d 532, 2007-Ohio-5478.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–07–12.

Decided Oct. 15, 2007.

Juergen Waldick, Allen County Prosecuting Attorney, and Jana E. Emerick, Assistant Prosecuting Attorney, for appellee.

Maria Santo, for appellant.

SHAW, Judge.

{¶ 1} Defendant-appellant, Tonya Vitteritto, appeals from the January 12, 2007 judgment entry of the Court of Common Pleas of Allen County, Ohio, sentencing Tonya to three years of community control with the Allen County Adult Probation Department for her conviction on three counts of interference with custody in violation of R.C. 2919.23(A)(1) and (D)(2), all felonies of the fifth degree.

{¶ 2} On July 21, 2006, Tonya's ex-husband and the father of three of her children filed a restraining order and emergency motion to reallocate parental rights in the Allen County Court of Common Pleas, Domestic Relations division. The domestic relations court granted these motions and entered an order preventing Tonya, or anyone else, from removing the children from the jurisdiction of the court. However, on July 28, 2006, Tonya left the state of Ohio with her three children. They were located in Pennsylvania on August 18, 2006.

{¶ 3} On September 14, 2006, an Allen County Grand Jury returned an indictment charging Tonya with three counts of interference with custody, each count being a felony of the fifth degree, in violation of R.C. 2919.23(A)(1) and (D)(2). On September 21, 2006, Tonya entered a written plea of not guilty to the three charges as contained in the indictment.

{¶ 4} This matter proceeded to a jury trial commencing November 27, 2006. On November 28, 2006, the jury returned verdicts finding Tonya guilty on all three counts of interference with custody. On November 30, 2006, the trial court issued a judgment entry of conviction, ordered the preparation of a presentence investigation report, and continued this matter for sentencing.

{¶ 5} On January 11, 2007, the trial court conducted Tonya's sentencing hearing, wherein the court determined that a prison term was not consistent with the purposes and principles of sentencing and found that Tonya was amenable to an available community-control sanction. Accordingly, the trial court sentenced Tonya to community control with the Allen County Adult Probation Department for a period of three years and a term of 60 days in the Allen County jail. However, the trial court granted Tonya credit for 10 days already served.

{¶ 6} On January 26, 2007, Tonya filed a motion for judicial release.[1] On February 7, 2007, the trial court granted Tonya's motion, vacated the balance of her jail sentence, and ordered her release from jail.

{¶ 7} Tonya now appeals, asserting one assignment of error.

### Assignment of Error

Pursuant to R.C. 2945.75(A)(2), the trial court committed an error of law by sentencing the appellant for felony offenses.

{¶ 8} In her sole assignment of error, Tonya argues that the trial court erred in sentencing her for felony offenses when the verdict forms used in her jury trial failed to comply with the plain language of R.C. 2945.75(A)(2) and served to convict Tonya of three misdemeanor offenses, not the felony offenses that she was convicted of and sentenced upon by the trial court.

{¶ 9} As a preliminary matter, we note that the state of Ohio concedes that the verdict forms returned by the jury served to find Tonya guilty of only the first-degree misdemeanor offense of interference with custody in each of the three counts. Accordingly, the state submits that Tonya's assignment of error should be sustained and the judgment of the trial court should be reversed and the cause remanded. Therefore, we must determine whether the trial court abused its discretion by sentencing Tonya for felony offenses based upon verdict forms that convicted her of only misdemeanor offenses.

{¶ 10} An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶ 11} Tonya was indicted on three counts of interference with custody, in violation of R.C. 2919.23(A)(1) and (D)(2), which provides as follows:

(A) No person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor a person identified in division (A)(1), (2), or (3) of this section from the parent, guardian, or custodian of the person identified in division (A)(1), (2), or (3) of this section:

(1) A child under the age of eighteen, or a mentally handicapped child under the age of twenty-one;

---

1. We note that this motion was improperly captioned as a motion for judicial release and was brought pursuant to R.C. 2929.20. Tonya does not meet the definition of "eligible offender" pursuant to R.C. 2929.20(A) because she was not sentenced to a term of prison and was instead sentenced to community control and a 60–day jail term.

\* \* \*

(D)(1) Whoever violates this section is guilty of interference with custody.

(2) Except as otherwise provided in this division, a violation of division (A)(1) of this section is a *misdemeanor of the first degree*. If the child who is the subject of a violation of division (A)(1) of this section is removed from the state or if the offender previously has been convicted of an offense under this section, a violation of division (A)(1) of this section is a *felony of the fifth degree*. If the child who is the subject of a violation of division (A)(1) of this section suffers physical harm as a result of the violation, a violation of division (A)(1) of this section is a felony of the fourth degree.

(Emphasis added).

{¶ 12} Pursuant to R.C. 2919.23(A)(1) and (D)(2), interference with custody is a misdemeanor offense unless the child is removed from the state, as was the charge in this case. If the removal of the children from the state had not been charged or proven in this case, then Tonya would have been guilty of only a misdemeanor of the first degree. Therefore, in order for the conviction to be enhanced to the felony level, the verdict forms must provide the jury the opportunity to make an initial finding of guilt on the lesser offense and then make a subsequent finding for the enhanced offense.

{¶ 13} In the present case, the verdict forms did not contain any language setting forth the enhancing element of removing the child from the state, nor did the verdict forms set forth the degree of the offenses with which Tonya was charged. Rather, they simply stated that Tonya was "_____ of Interference with Custody as charged in Count 1 of the Indictment" and that the jury was instructed to "insert in ink 'guilty' or 'not guilty' " on the blank line.[2]

{¶ 14} Additionally, we note that R.C. 2945.75(A)[3] states as follows:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the lesser degree of the offense.

---

**2.** We note that separate verdict forms were used for counts 1, 2, and 3 and that the verdict forms used for counts 2 and 3 were exactly the same as set forth above for count 1, but simply substituted counts 2 and 3 respectively.

**3.** R.C. 2945.75 was amended by H.B. 461, effective April 4, 2007. However, this amendment added only section (B)(2), which is inapplicable to the present case.

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶ 15} In *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 14[4], the Supreme Court of Ohio interpreted R.C. 2945.75 and held as follows:

Because the language of R.C. 2945.75(A)(2) is clear, this court will not excuse the failure to comply with the statute * * *. *The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment,* or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form.

We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

(Emphasis added).

{¶ 16} Therefore, pursuant to the express language of R.C. 2945.75 and the Supreme Court of Ohio's holding in *State v. Pelfrey*, supra, the verdict forms returned by the jury in the present case served to find Tonya guilty of only the first-degree misdemeanor offenses of interference with custody. Accordingly, we hold that the trial court erred and abused its discretion by sentencing Tonya for felony offenses based upon verdict forms that convicted her of only misdemeanor offenses.

{¶ 17} Based on the foregoing, Tonya's sole assignment of error is sustained. Therefore, the January 12, 2007 judgment entry of sentencing of the Allen County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

ROGERS, P.J., and WILLAMOWSKI, J., concur.

---

4. Although we note that *State v. Pelfrey* was decided subsequent to the trial and sentencing in this case, the holding therein is still applicable to the present case.