THE STATE OF OHIO, APPELLANT, v. SESSLER, APPELLEE.

[Cite as *State v. Sessler,* 119 Ohio St.3d 9, 2008-Ohio-3180.]

(Nos. 2007–2030 and 2007–2426—Submitted
June 4, 2008—Decided July 2, 2008.)

{¶ 1} The certified question is answered in the affirmative, and the judgment of the court of appeals is affirmed, on the authority of *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

**O'DONNELL, J., dissenting.**

{¶ 2} I respectfully dissent.

{¶ 3} R.C. 2921.04 has two subsections, each defining a different offense of intimidation. R.C. 2921.04(A) provides, "No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness." R.C. 2921.04(B) states, "No person, knowingly *and by force or by unlawful threat of harm to any person or property,* shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or

proceeding in the discharge of the duties of the attorney or witness." (Emphasis added.)

{¶ 4} Thus, subsection (B) of the statute contains an additional element of force or unlawful threat of harm to any person or property that is not contained in subsection (A). Moreover, R.C. 2921.04(D) specifies that a violation of subsection (A) is a first-degree misdemeanor, while a violation of subsection (B) is a third-degree felony.

{¶ 5} Here, after beating the victim in this case, Sessler twice threatened to kill her if she called the police. When she tried to escape, he pulled her away from the door by her hair, kicked her, suffocated her with a pillow, and held a piece of broken glass to her throat while threatening to kill her. This conduct is the evidence of force or unlawful threat of harm to any person or property that the state presented during trial in support of a conviction under R.C. 2921.04(B), not R.C. 2921.04(A). The jury considered the evidence and convicted Sessler of two counts of intimidation in conformity with this evidence.

{¶ 6} Sessler never objected to the verdict forms submitted to the jurors, never objected to the verdicts after they had been returned, and never objected to the sentences imposed by the trial court. Instead, he waited until his appeal to the court of appeals to complain for the first time that, pursuant to R.C. 2945.75(A)(2), his felony convictions should be reduced to misdemeanors because of the defect in the verdict forms. Following this court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, the appellate court modified his conviction from a third-degree felony to a first-degree misdemeanor and remanded for resentencing.

{¶ 7} In affirming the judgment of the court of appeals, the majority disregards the fact that Sessler never objected in the trial court, just as the majority also disregarded the same failure to object in *Pelfrey*. Id., ¶ 25–26 (O'Donnell, J., dissenting).

{¶ 8} Thus, I dissent here for the same reasons I dissented in *Pelfrey*. First, it is well established that errors not raised in the trial court are forfeited in the absence of plain error, see, e.g., *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, and Crim.R. 52(B), and the record in this case does not suggest that the outcome would have been different if the verdict form had complied with R.C. 2945.75. Second, in my view, the error in this case is not within the "very limited class of cases" in which the United States Supreme Court has concluded that a structural error occurred. *Johnson v. United States* (1997), 520 U.S. 461, 468–69, 117 S.Ct. 1544, 137 L.Ed.2d 718, citing *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (complete denial of counsel); *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (biased trial judge); *Vasquez v. Hillery* (1986), 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d

598 (racial discrimination in selection of grand jury); *McKaskle v. Wiggins* (1984), 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (denial of self-representation at trial); *Waller v. Georgia* (1984), 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (denial of public trial); and *Sullivan v. Louisiana* (1993), 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (defective reasonable-doubt instruction).

{¶ 9} No reasonable doubt exists that Sessler used force to threaten the victim, and the jury returned a verdict in conformity with the evidence, the trial court's instructions, and the law. Although the verdict form did not specify the subsection of the statute, the elements of force or threat of harm, or the degree of the offense, Sessler never objected at a time when the defect could have been corrected. Thus, in the absence of plain error, the defect is waived.

{¶ 10} Accordingly, as I would reverse the judgment of the court of appeals, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———————

Stanley Flegm, Crawford County Prosecuting Attorney, and Clifford J. Murphy, Assistant Prosecuting Attorney, for appellant.

John Spiegel, for appellee.