The STATE of Ohio, Appellee,

v.

LIGON, Appellant.

[Cite as *State v. Ligon*, 179 Ohio App.3d 544, 2008-Ohio-6085.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–08–21.

Decided Nov. 24, 2008.

Kenneth J. Rexford, for appellant.

Jeffrey A. Strausbaugh, Defiance County Prosecuting Attorney, and Russell R. Herman and Carson L. Slade, Assistant Prosecuting Attorneys, for appellee.

PRESTON, Judge.

{¶ 1} Defendant-appellant, Shermaine T. Ligon, appeals the Defiance County Court of Common Pleas judgment of conviction. For the reasons that follow, we affirm in part and reverse in part.

{¶ 2} On September 25, 2007, the Defiance County Grand Jury indicted Ligon on six counts, including count one of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(c), a fourth-degree felony; count two of trafficking in crack cocaine in violation of R.C. 2925.03(A), (C)(4)(e), a second-degree felony; count three of permitting drug abuse in violation of R.C. 2925.13, a fifth-degree felony; count four of trafficking in crack cocaine in violation of R.C. 2925.03(A), (C)(4)(e), a first-degree felony; count five of permitting drug abuse in violation of R.C. 2925.13, a fifth-degree felony; and count six of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(d), a second-degree felony. Counts one, two, and four had a vehicle specification as well.

{¶ 3} On September 28, 2007, Ligon was arraigned and entered pleas of not guilty. On April 21–22, 2008, a jury trial was held, and the jury found Ligon guilty on all counts. On May 8, 2008, Ligon was sentenced to 12 months' imprisonment on count one, seven years' imprisonment on count two, 12 months'

imprisonment on count three, nine years' imprisonment on count four, 12 months' imprisonment on count five, and seven years' imprisonment on count six. The terms imposed on counts three and five were ordered to be served concurrently with each other and concurrently with the terms imposed on counts one, two, four, and six; and the terms imposed on counts one, two, four, and six were ordered to be served consecutively to each other, for an aggregate term of 24 years of imprisonment.

{¶ 4} On June 2, 2008, Ligon filed his notice of appeal and now asserts two assignments of error for review.

## ASSIGNMENT OF ERROR NO. I

The Verdict Form and the resulting Entry were Insufficient under R.C. 2945.75 to Support Mr. Ligon's Conviction and Sentence for Trafficking in Drugs as a Felony of the Degree Reflected in the Entry, as to Each and Every Count of the Indictment.

{¶ 5} In his first assignment of error, Ligon argues that the jury verdict forms were insufficient under R.C. 2945.75 because they failed to include any jury finding with respect to R.C. 2925.03's aggravating elements. Therefore, Ligon argues that the wording of the verdict forms supports verdicts for only the lowest degree of the offenses. Ligon cites *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, and *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318, in support of his argument.

{¶ 6} The state, on the other hand, argues that the trial court did comply with *Pelfrey* and *Sessler* because, even though the verdict of the jury was not as specific as required under these cases, the guilty verdict issued by the trial court did specify the revised code section and the felony levels for each of the convictions. The state also argues that these cases are inapplicable because *Pelfrey* was limited to R.C. 2913.42(B)(2), tampering with records, and *Sessler* was decided after the verdict in this case. The state further contends that this court should adopt the reasoning of *State v. Parks*, 8th Dist. No. 90368, 2008-Ohio-4245, 2008 WL 3870615, wherein the court found *Pelfrey* distinguishable because "there was additional documentation in the record to prove that the jury only contemplated specific charges of trafficking in crack cocaine." The state's arguments lack merit.

{¶ 7} R.C. 2945.75 provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶ 8} The court in *Pelfrey* applied R.C. 2945.75(A)(2) to answer the following certified question:

> Whether the trial court is required as a matter of law to include in the *jury verdict form* either the degree of the offense of which the defendant is convicted or to state that the aggravating element has been found by the jury when the verdict incorporates the language of the indictment, the evidence overwhelmingly shows the presence of the aggravating element, the jury verdict form incorporates the indictment and the defendant never raised the inadequacy of the jury verdict form at trial.

(Emphasis added.) 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 1. The court's answer to this question was yes. Id. Pelfrey was charged with one count of tampering with records in violation of R.C. 2913.42(B)(4), a third-degree felony. Id. at ¶ 3. Subsection (B)(4)'s aggravating element that enhanced the offense to a third-degree felony was that the tampered records were government records; otherwise, the offense was a first-degree misdemeanor under subsection (B)(2)(a). Id. at ¶ 13. Neither the verdict form nor the trial court's verdict entry, however, mentioned the degree of Pelfrey's offense, nor did either mention that government records were involved. Id. Accordingly, the Ohio Supreme Court found that pursuant to R.C. 2945.75(A)(2), Pelfrey could be convicted of only a misdemeanor, the least degree of an offense under R.C. 2913.42(B). The court in *Pelfrey* then stated its holding as follows:

> We hold that pursuant to the clear language of R.C. 2945.75, *a verdict form signed by a jury* must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

(Emphasis added.) Id. at ¶ 14.

{¶ 9} In *State v. Sessler*, 3d Dist. No. 3–06–23, 2007-Ohio-4931, 2007 WL 2757462, this court found that a jury verdict form that incorporated the indictment language by reference was insufficient under *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. Id. at ¶ 13. Sessler was charged with two counts of intimidation in violation of R.C. 2921.04(B), third-degree felonies. Id. at ¶ 4. An offense under subsection (B) is a third-degree felony; however, an offense under subsection (A) is a first-degree misdemeanor. R.C. 2921.04(D). The only difference between subsections (A) and (B) as it applied in that case was whether or not the defendant "knowingly and by force or by unlawful threat of harm to

any person or property" attempted to intimidate the victim. Id. at ¶ 13. Although this court acknowledged that "Sessler was properly charged, the jury instructions specified the correct offense and degree, and the verdict form incorporated by reference the indictment," we nonetheless held that the jury verdict form's failure to include *either* the degree of the offense, the statutory section upon which the offense was based, *or* any reference to the use of force or threat of harm was insufficient to sustain Sessler's third-degree felony conviction under *Pelfrey*. Id. Accordingly, we held, pursuant to R.C. 2945.75(A)(2) and *Pelfrey*, that the jury found Sessler guilty of the least offense, which was intimidation under subsection (A), a first-degree misdemeanor. Id.

{¶ 10} Following our decision in *Sessler*, we certified the following question to the Ohio Supreme Court: "[I]s the holding in *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, applicable to charging statutes that contain separate sub-parts with distinct offense levels?" *State v. Sessler*, 116 Ohio St.3d 1505, 2008-Ohio-381, 880 N.E.2d 481. The Ohio Supreme Court answered this question in the affirmative and affirmed our decision. *State v. Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

{¶ 11} The state argues that *Pelfrey* was limited to R.C. 2913.42(B)(2), the offense of tampering with records. This argument lacks merit for several reasons. To begin with, the court in *Pelfrey* did not limit its holding to a specific revised code section; rather, its holding applied to a "criminal offense" of which there are many in the revised code. 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, at ¶ 1, 14. Additionally, it should have been clear after our decision in *Sessler* that this court does not interpret *Pelfrey* as narrowly as the state argues. 2007-Ohio-4931, 2007 WL 2757462. As noted, Sessler was charged with two counts of intimidation in violation of R.C. 2921.04(B), a different revised code section than that at issue in *Pelfrey*. *Sessler*, 2007-Ohio-4931, 2007 WL 2757462, at ¶ 4. Finally, given that our decision in *Sessler* was affirmed, it is evident that the Ohio Supreme Court has not limited its decision in *Pelfrey* to R.C. 2913.42(B)(2). *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

{¶ 12} The state's distinction between the terms "guilty verdict" as it appears in R.C. 2945.75(A)(2) and "verdict of the jury" as it appears in R.C. 2945.171 is a distinction without legal significance. The state argues that because the trial court's judgment entry provided the specified revised code sections and felony levels, the requirements of *Pelfrey, Sessler,* and R.C. 2945.75(A)(2) were satisfied. We disagree.

{¶ 13} Although the court in *Pelfrey* indicated that the judgment entry in that case did not mention the degree of the offense or that the aggravating element was found by the jury, it does not follow that *if* the judgment entry had provided either of these two things that R.C. 2945.75(A)(2) would be satisfied. 112 Ohio

St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, ¶ 13. The state's focus on the court's dicta is misplaced. The question presented to the court in *Pelfrey* focused on the contents of the "jury verdict form," not the trial court's judgment entry. Id. at ¶ 1. Furthermore, the court's holding specifically refers to the "verdict form signed by the jury" and does not refer to the judgment entry at all. Id. at ¶ 14.

**■** {¶ 14} Aside from the fact that *Pelfrey* does not distinguish between these terms as the state does, this court has, at least implicitly, rejected the idea that a trial court's judgment entry can cure an R.C. 2945.75(A)(2) defect. In *Sessler*, we noted that the trial court correctly instructed the jury as to the specific offenses and degrees but still found that the jury verdict form was inadequate under R.C. 2945.75(A)(2) and *Pelfrey*. *Sessler*, 3d Dist. No. 3–06–23, 2007-Ohio-4931, 2007 WL 2757462, at ¶ 13. If accurate jury instructions *prior to* the jury verdict were insufficient to cure the form's written defect, then a trial court's *postverdict* judgment entry is insufficient to correct the defect as well.

{¶ 15} The state's argument that the Ohio Supreme Court's decision in *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318, does not apply to this case because of retroactivity lacks merit as well. The state points to the recent decision in *State v. Colon* for the proposition that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169.[1] The state's recitation of law is correct; however, its application of the rule to this case is incorrect. In *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, the court explained that "[t]he new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 6. Ligon's conviction has not become final, for purposes of determining retroactivity, because he has not exhausted all his appellate remedies; accordingly, applying the *Sessler* rule in this case is not retrospective. See also *State v. Vitteritto*, 173 Ohio App.3d 532, 536, 879 N.E.2d 243, fn. 4 (finding that *Pelfrey* applied even though it was decided subsequent to the trial and sentencing in that case).

{¶ 16} Since we have rejected the state's arguments that *Pelfrey, Sessler*, and R.C. 2945.75 are inapplicable, we proceed to the merits applying the aforementioned statute and case law sub judice.

**■** {¶ 17} Ligon was charged in count one of trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(c), a fourth-degree felony. Subsection (C)(4)(c)'s appli-

---

1. The court notes that the state mistakenly cited the Supreme Court's earlier opinion in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, in its brief for this proposition of law. We have cited the appropriate subsequent case decided on a motion for reconsideration.

cable aggravating element is that the cocaine equals or exceeds five grams but is less than ten grams in weight. If this aggravating element is met, trafficking in cocaine under this subsection is a fourth-degree felony; otherwise, trafficking in cocaine is a fifth-degree felony under R.C. 2925.03(A), (C)(4)(a). The signed jury verdict form on count one provided: "[W]e the Jury, being duly impaneled and sworn, do find the Defendant, Shermaine T. Ligon, **GUILTY** of **TRAFFICKING IN COCAINE**, as charged in Count One of the Indictment." The signed jury verdict form did not contain the applicable revised code section (R.C. 2925.03(A), (C)(4)(c)), the degree of the offense, or any indication that subsection (A), (C)(4)(c)'s aggravating factor (weight) was found by the jury. Under R.C. 2945.75(A)(2), as interpreted in *Pelfrey* and *Sessler*, this language was insufficient to find Ligon guilty of the fourth-degree felony under subsection (A), (C)(4)(c); and therefore, the jury found Ligon guilty of the least offense of trafficking cocaine under subsection (A), (C)(4)(a), a fifth-degree felony. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735; *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

■ {¶ 18} Ligon was charged in count two of trafficking in crack cocaine in violation of R.C. 2925.03(A), (C)(4)(e), a second-degree felony. Subsection (A), (C)(4)(e)'s applicable aggravating element is that the crack cocaine exceeds ten grams but is less than 25 grams in weight. If this aggravating element is met, trafficking in crack cocaine under this subsection is a second-degree felony; otherwise, trafficking in cocaine is a fifth-degree felony under R.C. 2925.03(A), (C)(4)(a). The signed jury verdict form on count two provided: "We, the Jury, being duly impaneled and sworn, do find the Defendant, Shermaine T. Ligon, **GUILTY** of **TRAFFICKING IN CRACK COCAINE**, as charged in Count Two of the Indictment." The signed jury verdict form did not contain the applicable revised code section (R.C. 2925.03(A), (C)(4)(e)), the degree of the offense, or any indication that subsection (A), (C)(4)(e)'s aggravating factor (weight) was found by the jury. Under R.C. 2945.75(A)(2), as interpreted by *Pelfrey* and *Sessler*, this language was insufficient to find Ligon guilty of the second-degree felony under subsection (A), (C)(4)(e); and therefore, the jury found Ligon guilty of the least offense of trafficking cocaine under subsection (A), (C)(4)(a), a fifth-degree felony. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735; *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

■ {¶ 19} Ligon was charged in count four [2] of trafficking in crack cocaine in violation of R.C. 2925.03(A), (C)(4)(e), a first-degree felony. Subsection (A), (C)(4)(e)'s applicable aggravating elements are that the crack cocaine exceeds ten

---

**2.** The court notes that Ligon's assignment of error is limited to his drug trafficking convictions in counts one, two, four, and six; and therefore, we will not address counts three and five.

grams but is less than 25 grams in weight and that the offense was committed within the vicinity of a school. If both of these aggravating elements are met, trafficking in crack cocaine under this subsection is a first-degree felony. The signed jury verdict form on count four provided:

> We, the Jury, being duly impaneled and sworn, do find the Defendant, Shermaine T. Ligon, **GUILTY** of **TRAFFICKING IN CRACK COCAINE**, as charged in Count Four of the Indictment. (Signatures) * * * We the jury, being duly impaneled and sworn, do further find that the offense of Trafficking in Crack Cocaine, as charged in Count Four was committed within 1000 feet of a school. (Signatures).

The signed jury verdict form did not contain the applicable revised code section (R.C. 2925.03(A), (C)(4)(e)), the degree of the offense, or any indication that subsection (A), (C)(4)(e)'s aggravating factor (weight) was found by the jury. It did, however, contain a finding with regard to subsection (A), (C)(4)(e)'s other aggravating factor, that the offense occurred within the vicinity of a school. Under R.C. 2945.75(A)(2) as interpreted by *Pelfrey* and *Sessler*, this language was insufficient to find Ligon guilty of the first-degree felony under subsection (A), (C)(4)(e); and therefore, the jury found Ligon guilty of the least offense of trafficking cocaine in the vicinity of a school under subsection (A), (C)(4)(b), a fourth-degree felony. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735; *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

{¶ 20} Ligon was charged in count six with trafficking in cocaine in violation of R.C. 2925.03(A), (C)(4)(d), a second-degree felony. Subsection (A), (C)(4)(d)'s applicable aggravating elements are that the cocaine equals or exceeds ten grams but is less than 100 grams in weight and that the offense was committed within the vicinity of a juvenile. If both of these aggravating elements are met, trafficking in cocaine under this subsection is a second-degree felony. The signed jury verdict form on count six provided:

> We, the Jury, being duly impaneled and sworn, do find the Defendant, Shermaine T. Ligon, **GUILTY** of **TRAFFICKING IN COCAINE**, as charged in Count Six of the Indictment. (Signatures) * * * We, the jury, being duly impaneled and sworn, do further find that the offense of Trafficking in Cocaine, as charged in Count Six was committed within 100 feet of a juvenile. (Signatures).

The signed jury verdict form did not contain the applicable revised code section (R.C. 2925.03(A), (C)(4)(d)), the degree of the offense, or any indication that subsection (A), (C)(4)(d)'s aggravating factor (weight) was found by the jury. It did, however, contain a finding with regard to subsection (A), (C)(4)(d)'s other aggravating factor, that the offense occurred within the vicinity of a juvenile. Under R.C. 2945.75(A)(2) as interpreted by *Pelfrey* and *Sessler*, this language

was insufficient to find Ligon guilty of the second-degree felony under subsection (A), (C)(4)(d); and therefore, the jury found Ligon guilty of the least offense of trafficking cocaine in the vicinity of a juvenile under subsection (A), (C)(4)(b), a fourth-degree felony. *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735; *Sessler*, 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318.

{¶ 21} In summary, counts one and two should be amended to fifth-degree felonies under R.C. 2925.03(A), (C)(4)(a); counts four and six should be amended to fourth-degree felonies under R.C. 2925.03(A), (C)(4)(b).

{¶ 22} Finally, the state contends that this court should adopt the reasoning of *State v. Parks*, 8th Dist. No. 90368, 2008-Ohio-4245, 2008 WL 3870615, wherein the court found *Pelfrey* distinguishable because, according to the state, "there was additional documentation in the record to prove that the jury only contemplated specific charges of trafficking in crack cocaine." We decline the state's offer.

{¶ 23} The defendant in *Parks* was charged with two counts of drug trafficking, one count of possession of drugs, and one count of possessing criminal tools. 2008-Ohio-4245, 2008 WL 3870615, at ¶ 2. The jury convicted Parks of count two of possession of crack cocaine in an amount less than 100 grams and count three of possession of marijuana in an amount less than 200 grams. Id. at ¶ 8. The jury acquitted Parks of counts one and four of trafficking in drugs and possessing criminal tools. Id.

{¶ 24} On appeal, Parks claimed that because the verdict form stated that the jury found him "guilty of possession of drugs in violation of [R.C. 2925.11], as charged in count two of the indictment," without specifying the drug he possessed, he could not be found guilty of a felony under *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. Id. at ¶ 16. The appellate court disagreed and found *Pelfrey* distinguishable because the second page of the verdict form, in fact, indicated that the drug Parks possessed was crack cocaine. Id. at ¶ 18. The second page of the verdict form contained a further finding where the jury found that Parks did not possess an amount of crack cocaine equal to or exceeding 100 grams. Id. at ¶ 19. The court reasoned that page two of the verdict form could be read in conjunction with page one, and from page two the jury could have concluded that Parks possessed crack cocaine, even though they did not find the specified amount. Id. at ¶ 19. Of particular relevance to this case, however, the court in *Parks* also stated that:

> * * * because the verdict form did not indicate the felony level, Parks was convicted of the lowest level of possession of crack cocaine, which is a felony of the fifth degree. This is true even though the evidence showed that Parks was found with over four grams of crack cocaine on his person, which is normally a

felony of the fourth degree. Since the verdict form did not indicate the level of the felony, the conviction was, by operation of statute, a fifth degree felony. (Footnote omitted.) Id. at ¶ 18. Ultimately, the court concluded that Parks was properly convicted of the fifth-degree felony for possession of crack cocaine. Id. at ¶ 19.

{¶ 25} In its brief, the state alleged that the jury was provided written instructions, which listed the amount and type of drugs involved in each offense as well as the corresponding felony level for each offense. Furthermore, the state alleged that it "furnished to the jury as admitted exhibits that were introduced into evidence breakdowns as to each charged count that included the same information." Although the trial court did instruct the jury as the state alleges, the trial court's instructions do not cure the verdict form's defect. *Sessler*, 2007-Ohio-4931, 2007 WL 2757462, at ¶ 13. In addition, contrary to the state's assertions, the jury was not provided "as an exhibit" any breakdown of the charges, drugs, and offense levels. No such exhibit exists in the record, nor is any such exhibit listed in the transcript. These arguments are lacking.

{¶ 26} The state's reliance on *Parks*, 2008-Ohio-4245, 2008 WL 3870615, is without merit. The court in *Parks* relied upon information contained on page two of the jury verdict form, not information contained from extraneous sources as the state relies upon. 2008-Ohio-4245, 2008 WL 3870615, at ¶ 18–19. Furthermore, *Parks* actually supports Ligon's argument that he could be charged with only the least degree of his offense, because the court in *Parks* similarly found that Parks was convicted of the lowest form of the offense "by operation of statute," i.e., R.C. 2945.75(A)(2). *Parks*, 2008-Ohio-4245, 2008 WL 3870615, at ¶ 18 (quoted above). Accordingly, we find this case distinguishable from *Parks*.

{¶ 27} This court finds *State v. Huckleberry*, 4th Dist. No. 07CA3142, 2008-Ohio-1007, 2008 WL 623342, persuasive herein. Huckleberry was convicted of count one of possession of drugs in violation of R.C. 2925.11(A) and (C)(4)(e); count two of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(f); and count three of tampering with evidence in violation of R.C. 2921.12(A)(1). *Huckleberry*, 2008-Ohio-1007, 2008 WL 623342, at ¶ 3. The jury verdict forms at issue in that case provided language similar to that herein: "[W]e the jury, being duly impaneled, hereby find the defendant **guilty** of **Count 1, Possession of Drugs**"; and "[w]e the jury, being duly impaneled, hereby find the defendant **guilty** of **Count 2, Trafficking in Drugs.**" Id. at ¶ 19.

{¶ 28} On appeal, Huckleberry argued that the jury verdict forms did not comply with R.C. 2945.75(A)(2) and *Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735. The Court of Appeals for the Fourth District agreed, reasoning as follows:

Here, the two verdict forms failed to specify the statutory section of the offense or specifically set forth the degree of the crime charged. In addition, the verdict forms contained nothing regarding any aggravating element, i.e., that the substance was either crack cocaine or that it exceeded a certain weight. While the state presented evidence that the drug involved was crack cocaine, the jury made no specific finding in that regard. Further, although the state presented evidence that the amount of crack cocaine involved exceeded twenty-five grams, the jury made no specific finding in that regard. Therefore, the possession of drugs verdict supports a misdemeanor of the third degree conviction, and the trafficking in drugs supports a felony of the fifth degree conviction. Consequently, the trial court erred when it found Huckleberry guilty of two felonies of the first degree.

*Huckleberry*, 2008-Ohio-1007, 2008 WL 623342, at ¶ 24. The court, then, vacated Huckleberry's sentences on counts one and two, possession and trafficking, and remanded for further proceedings. Id. at ¶ 25. Accordingly, this court finds *Huckleberry* persuasive in this case and agrees that Ligon's convictions on counts one, two, four, and six must be vacated, and the matter remanded for resentencing.

{¶ 29} Therefore, we vacate Ligon's sentence as to counts one, two, four, and six; we amend counts one and two to fifth-degree felonies under R.C. 2925.03(A), (C)(4)(a) and counts four and six to fourth-degree felonies under R.C. 2925.03(A), (C)(4)(b); and we remand this matter for resentencing.

{¶ 30} Ligon's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. II

Counts One and Two Should Have Merged.

{¶ 31} In his second assignment of error, Ligon argues that since he was convicted of only fifth-degree felonies in counts one and two and trafficking in crack cocaine ("crack") and powder cocaine ("powder") under R.C. 2925.03(C)(4) are identical, these two counts should merge. In support of his argument, Ligon points out that both counts stemmed from a single transaction. Ligon also cites this court's opinion in *State v. Blandin*, 3d Dist. No. 1–06–107, 2007-Ohio-6418, 2007 WL 4225492, but argues that we should either reconsider it or find it distinguishable from drug-trafficking cases.

{¶ 32} The state, on the other hand, argues that Ligon acted with a separate animus for each drug, so the offenses do not merge. The state contends that separate animus is shown from the facts that (1) separate prices were negotiated for each drug, (2) several discussions occurred both before and after the drug transactions relative to the price of each controlled substance, and (3) each drug

was packed separately. Furthermore, the state argues that Ligon has waived all but plain error because he failed to object. The state alleges that *Blandin,* 2007-Ohio-6418, 2007 WL 4225492, is controlling and persuasive authority for their arguments in this case.

■■ {¶ 33} If a defendant's actions " 'can be construed to constitute two or more allied offenses of *similar import,*' the defendant may be convicted (*i.e.,* found guilty and punished) of only one. R.C. 2941.25(A)." (Emphasis sic.) *State v. Rance* (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817. However, "if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B)." *Rance,* 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 13–14, 676 N.E.2d 80. The defendant bears the burden of establishing that he or she is entitled to R.C. 2941.25's protection against multiple punishments for a single criminal act. *State v. Mughni* (1987), 33 Ohio St.3d 65, 67, 514 N.E.2d 870, overruled on other grounds by *State v. Chandler,* 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234; *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345.

{¶ 34} In *State v. Blandin,* this court was faced with the issue of whether a trial court erred in sentencing a defendant consecutively when the convictions stemmed from the same criminal action. 2007-Ohio-6418, 2007 WL 4225492, at ¶ 29. Blandin was convicted of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(b), a fourth-degree felony; possession of powder cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony; possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(e), a first-degree felony; and possession of powder cocaine in violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony. Id. at ¶ 1. On appeal, Blandin argued that his sentences should have run concurrently because the convictions stemmed from the same act or animus. Id. at ¶ 29. We rejected Blandin's argument, reasoning as follows:

This Court has previously recognized that although there is no distinction between powder cocaine and crack cocaine in the schedule definitions, the specific penalty provisions under R.C. 2925.11(C)(4) show that the legislature clearly intended a distinction. *State v. Crisp,* 3rd Dist. No. 1–05–45, 2006-Ohio-2509[, 2006 WL 1381631]. Furthermore, the separate charges for two instances of possession of crack cocaine and two instances of possession of powder cocaine were appropriate. In this case, Blandin had a quantity of both powder and crack cocaine on his person when his car was stopped. Alternatively, Blandin had constructive possession of the quantity of both powder and crack cocaine that was found in his home in the subsequent search. Accordingly, this

constitutes two separate acts of possession. See *State v. Wilder*, 2nd Dist. No. 20996, 2006-Ohio-1975[, 2006 WL 1047466].

Id. at ¶ 30.

{¶ 35} Although this case involves trafficking in drugs under R.C. 2925.03 and *Blandin* involved possession of drugs under R.C. 2925.11, we think that *Blandin*'s reasoning is persuasive in this case. 2007-Ohio-6418, 2007 WL 4225492. In *State v. Crisp*, upon which *Blandin* relied, this court noted that "[t]here are real differences between the addictive impact of crack cocaine and free-base cocaine, on the one hand, and powder cocaine, on the other. The differences arise from the different way in which the drug is used." 3d Dist. No. 1–05–45, 2006-Ohio-2509, 2006 WL 1381631, ¶ 21, citing *State v. Bryant* (July 17, 1998), 2d Dist. No. 16809, 1998 WL 399863. We also noted that the legislature, through both its definitions and penalty provisions, intended a distinction between powder and crack cocaine. Id. at ¶ 22. Like R.C. 2925.11(C)(4)(a) through (e)'s penalty provisions, R.C. 2925.03(C)(4)(a) through (g)'s penalty provisions essentially impose more severe penalties for trafficking in crack cocaine. Id. Additionally, in *Crisp*, we noted that "such harsher penalties for crack cocaine are justified because crack cocaine 'is more potent, because of the way it is ingested, than powder cocaine, and therefore is more dangerous to the user, and to society in general.'" Id. at ¶ 22, quoting *Bryant* at *4. Accordingly, this court finds that trafficking in crack cocaine and trafficking in powder cocaine are separate and distinct offenses.

{¶ 36} In this case, Ligon trafficked in both powder cocaine (count one) and crack cocaine (count two). As we have noted, the legislature has intended that these two drugs be treated distinctly and separately. Therefore, we do not agree that counts one and two should merge. Furthermore, " 'if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B).'" *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting *Jones*, 78 Ohio St.3d at 13–14, 676 N.E.2d 80. In this case, Ligon treated the powder and crack transactions separately: he packaged the crack in seven separate clear baggies, collectively weighing 16.9 grams; he packaged the powder in one clear baggie, weighing 8.3 grams; he negotiated separate prices for the crack and powder purchases; and during some transactions sold powder but not crack, and vice versa. Under these circumstances, we conclude that Ligon acted with a separate animus as to each drug; and therefore, counts one and two should not merge.

{¶ 37} Ligon's second assignment of error is, therefore, overruled.

{¶ 38} Having found error prejudicial to the appellant herein as to assignment of error one, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. Having found no error prejudicial to

the appellant as to assignment of error two, we affirm the judgment of the trial court.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

WILLAMOWSKI, J., concur.

SHAW, P.J., concurs in judgment only.

SHAW, Presiding Judge, concurring in judgment only.

{¶ 39} Each of the six indictments in this case set forth each and every element of the offense and each and every required enhancing circumstance, together with the specific Revised Code section applicable thereto and the specified degree of felony charged for each alleged offense. There is no question that the indictments properly apprise the defendant, the trial court, and this court as to every aspect of the charged offenses.

{¶ 40} At the conclusion of the trial, the jury instructions read to the jury by the trial court followed and referred to each and every element of the six indicted counts, including each and every enhancement element, whether as to the amount of the drug, use of a motor vehicle, being within 1,000 feet of a school, or within 100 feet of a juvenile, as applicable to each count. A written copy of the jury instructions was submitted to the jury for use in its deliberations. It is not clear whether the written indictments were submitted to the jury.

{¶ 41} The jury issued six separate verdict forms, one for each of the six counts of the indictment. Each verdict form recited that the jury found the defendant guilty of the properly named charge with the properly named drug if applicable, "as charged in count one, two, three, four, five, and six of the Indictment," respectively. On the record in this case, there is no possibility of any misunderstanding by the defendant, the trial court, the reviewing court, any member of the criminal justice system or the public, as to what offenses and specific enhancements the defendant was charged with, what offenses and specific enhancements the defendant was tried upon, what offenses and specific enhancements were submitted to the jury, and what offenses and specific enhancements the defendant was convicted of by the jury, and sentenced upon by the trial court.

{¶ 42} One could argue that the verdict forms in this case could be rendered even more specific had they reiterated the precise Revised Code sections for each offense. However, a verdict form that merely recites the degree of felony associated with an offense is clearly not as specific as the verdicts in this case, does not serve any of the purposes of appraisal as well as the verdicts in this case do—and in fact, under the current complexities of the various criminal statutes,

would likely require some further degree of legal research in order to become even minimally ascertainable.

{¶ 43} Thus, there is no rational basis for a rule of judicial or statutory construction that permits merely reciting the degree of felony associated with each offense in a verdict form, but finds plain error for lack of specificity in the verdicts rendered in this case. Nor is there any rational basis for a rule that does not permit an examination of the indictment, the trial record, or the jury instructions in determining the sufficiency of a jury verdict. Nevertheless, because the authorities set forth in the majority opinion demonstrate that Ohio Supreme Court has clearly chosen to embrace both of these rules, I am compelled to concur in the judgment of the majority in this case.